UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

YAHABEBE BROWN,

        Plaintiff,

        -against-

THE CITY OF NEW YORK, THE COUNTY
OF NASSAU, and CORRECTION OFFICERS
JOHN DOE, *Individually and in their Official
Capacities*,

        Defendants.

----------------------------------------------------------X

**ORDER**
**11 CV 2117 (SJ)(LB)**

**BLOOM, United States Magistrate Judge:**

      Defendant County of Nassau moves pursuant to Rule 60 of the Federal Rules of Civil Procedure for reconsideration of the Court's January 31, 2012 Order which granted plaintiff leave to amend the complaint to add Correction Officers Klass and Rothbard as additional defendants. (Docket entry 23.) Defendant County of Nassau argues that plaintiff not only added these correction officers as defendants in the amended complaint, but also "wholly change[d] material, factual allegations," such as changing the date that the bail bondsman visited Nassau County Correctional Facility from April 30, 2010 to May 1, 2010 and removing the allegations that a judge signed paperwork stating that plaintiff was to be released from Nassau County Correctional Facility and that the bail bondsman returned to Nassau County Correctional Facility with the signed paperwork. (Id.)

      "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Defendant's motion fails to point to any legal authority that the Court overlooked in granting plaintiff leave to amend and fails to set forth a proper basis for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Defendant objects to plaintiff's amendment "in light of the excessive changes made." However, the Court does not credit defendant's position that "excessive changes" were made in the amended complaint.[1] Moreover, that plaintiff's amended complaint may "substantially alter Defendant County's defensive positions and theories" is not a basis to deny an amendment at this early juncture in the litigation.

Accordingly, defendant's motion for reconsideration is denied. Plaintiff shall file the amended complaint by February 3, 2012, as previously directed.

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: February 2, 2012
       Brooklyn, New York

---

[1] The Court's January 31, 2012 Order stated that plaintiff's proposed amended complaint (docket entry 21) alleges that defendants Klass and Rothbard requested that plaintiff be transferred out of Rikers Island. However, the Court notes that plaintiff's *revised* proposed amended complaint (docket entry 22-1) alleges that defendant Klass and Rothbard refused to release plaintiff from Nassau County Correctional Facility. This factual distinction does not alter the Court's decision to grant plaintiff leave to amend.