UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
YAHABEBE BROWN,

                Plaintiff.                               **AMENDED COMPLAINT**

    -against-                                     11-CV-2117(SJ)(LB)

THE CITY OF NEW YORK, THE
COUNTY OF NASSAU,
LARRY KLASS, GARY
ROTHBARD, and CORRECTIONS
OFFICERS JOHN DOE,
Individually and in their Official Capacities,

                Defendants.
--------------------------------------------------------x

Plaintiff, YAHABEBE BROWN, by and through her attorneys, **Fisher, Byrialsen & Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, THE COUNTY OF NASSAU, NEW YORK CITY DEPARTMENT OF CORRECTIONS, NASSAU COUNTY DEPARTMENT OF CORRECTIONS, LARRY KLASS, and GARY ROTHBARD, and CORRECTIONS OFFICERS JOHN DOE, as officers/employees of the New York City Department of Corrections and/or Nassau County Department of Corrections, acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth,

Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the City of New York on or about July 7, 2010, within 90 days of the events complained of herein.  Plaintiff filed a Notice of Claim with the County of Nassau by certified mail on July 7, 2010, within 90 days of the events complained of

herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff was and is a resident of Bronx, New York.

9. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Department of Corrections, which employs the other Defendants.

10. At all times relevant hereto defendant THE COUNTY OF NASSAU (hereinafter, "NASSAU") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the County of Nassau Department of Corrections, which employs the other Defendants.

11. At all times relevant to this action, Defendants CORRECTIONS OFFICERS JOHN DOE, are and were corrections officers employed by the New York City Department of Corrections (hereinafter, "NYC DOC"), and acting under color of state law. They are being sued in both their individual and official capacities.

12. At all times relevant to this action, Defendants Larry Klass, Gary Rothbard, and Corrections Officers John Doe, are and were corrections officers and/or employees employed by

the Nassau County Department of Corrections (hereinafter, "NASSAU DOC"), and acting under color of state law.  They are being sued in both their individual and official capacities.

13.  At all times relevant hereto and in all their actions described herein, the Defendants Larry Klass, Gary Rothbard and Corrections Officers John Doe, were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYC DOC and NYC and/or NASSAU DOC and NASSAU, pursuant to their authority as employees, servants, and agents of the NYC DOC and/or NASSAU DOC within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and corrections officers.

14.  NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the corrections officers, sergeants and/or employees of the NYC DOC.  They are being sued both in their individual and official capacities.

15.  NASSAU was responsible for the hiring, training, supervision, discipline, retention and promotion of the corrections officers, sergeants and/or employees of the NASSAU DOC.  They are being sued both in their individual and official capacities.

## **FACTS**

16.  On April 29, 2010 Plaintiff YAHABEBE BROWN was arraigned in Manhattan Criminal Court.

17. Bail was set at bond $5,000, cash $5,000.

18. Ms. Brown was brought to Riker's Island Correctional Facility.

19. Ms. Brown called her boyfriend at 9:00 a.m. the next morning while she was incarcerated at Riker's Island, and her boyfriend informed her that he would post the bail that day.

20. Ms. Brown subsequently spoke to the bail bondsman on the phone that same day at approximately 12:00 p.m., and he informed her that her bail had been posted.

21. The bail bondsman informed Ms. Brown that she should be released within four hours.

22. At approximately 2:00 p.m. an officer at Riker's Island informed Ms. Brown that her bail was paid and instructed her to pack her belongings.

23. At approximately 4:00 p.m. Ms. Brown was informed that instead of being released from Riker's Island, she was being transferred to Nassau County Correctional Facility.

24. Ms. Brown informed the officers that her bail was paid and she was to be released, however, the officers refused to investigate or confirm this information and Ms. Brown was transferred to Nassau County Correctional Facility.

25. The bail bondsman informed Ms. Brown that when he went to Riker's Island to process her paperwork, he was informed that she had been transferred to Nassau Correctional Facility.

26. The bail bondsman then went to Nassau Correctional Facility the next day with the paperwork, however, the officers/employees at Nassau Correctional Facility refused to release Ms. Brown.

27. Ms. Brown remained at Nassau County Correctional Facility for approximately four days.

28. After the approximately four days Ms. Brown was incarcerated at Nassau County Correctional Facility, employees/officers of Riker's Island Correctional Facility picked Ms. Brown up from Nassau County Correctional Facility and brought her to Manhattan Criminal Court.

29. Ms. Brown appeared in Manhattan Criminal Court and was released on $5,000 bail that had been previously posted.

30. On July 7, 2010, within ninety (90) days of the events complained of herein, a Notices of Claim on behalf of Plaintiff were served upon NYC and NASSAU.

31. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC and NASSAU for adjustment and NYC and NASSAU have neglected and/or refused to adjust and/or make payment.

32. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

33. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

34. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

35. All of the aforementioned acts deprived PLAINTIFF BROWN of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth,

and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers/employees, with the entire actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers/employees, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYC DOC and/or NASSAU and NASSAU DOC, all under the supervision of ranking officers of said departments.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

42. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF: FALSE IMPRISONMENT

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. As a result of her false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of her liberty.

45. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### THIRD CLAIM FOR RELIEF: NEGLIGENCE

46. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. Defendant corrections officers and/or employees failed to use that degree of care that reasonably prudent officers and employees would have used under the same circumstances when they failed to do acts that reasonably prudent corrections officers and/or employees would have done under the same circumstances.

48. Defendant corrections officers and/or employees breached their duty of ordinary care to Plaintiff Yahabebe Brown by failing to exercise ordinary care to follow proper procedures in ascertaining whether Plaintiff Yahahbebe Brown was being wrongfully detained and failing to investigate whether plaintiff Brown was being wrongfully detained.

49. All of the aforementioned acts of the Defendants constituted negligence under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF: GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. Defendant corrections officers and/or employees were grossly negligent when they failed to use even slight care and acted with conduct that was so careless as to show complete disregard for the rights and safety of others when they failed to follow proper procedures in determining whether Plaintiff Yahahbebe Brown was being wrongfully detained and failing to investigate whether plaintiff Brown was being wrongfully detained.

52. Defendant corrections officers and/or employees acted with willful misconduct when they acted intentionally and/or failed to act knowing that their actions would probably result in injury or damage.

53. Defendant corrections officers and/or employees acted with willful misconduct when they acted in so reckless a manner and/or failed to act in circumstances where an act was clearly required, so as to indicate disregard of the consequences of their actions and inactions.

54. All of the aforementioned acts of the Defendants constituted gross negligence or willful misconduct under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

55. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. Defendant corrections officers and/or employees illegally detained Plaintiff notwithstanding their knowledge that said actions would jeopardize Plaintiff's liberty, well-being and constitutional rights.

57. The acts complained of were carried out by the aforementioned Defendants in their capacities as employees and/or corrections officers and officials, with the entire actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as corrections officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYC DOC and/or NASSAU and the NASSAU DOC, all under the supervision of ranking officers of said departments.

59. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYC DOC and/or NASSAU and the NASSAU DOC included, but were not limited to, depriving persons of their rights, privileges and immunities under the Fourth and Fifth Amendments of the United States Constitution, particularly plaintiff's rights: to be secure in their persons, papers, and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law; the right to counsel when questioned; and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States; and to be free from unlawful detentions, arrests and imprisonments without any reasonable cause or belief that the plaintiff was in fact to be imprisoned.

60. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYC DOC and/or NASSAU and NASSAU DOC constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff YAHABEBE BROWN.

61. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYC DOC and/or NASSAU and the NASSAU DOC were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYC DOC and/or NASSAU and the NASSAU DOC were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

65. Defendants NYC and NASSAU, as municipal policymakers in the training and supervision of Defendant corrections officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

66. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.    To be protected against violations of her civil and constitutional rights;

    d.    Not to have cruel and unusual punishment imposed upon her; and

    e.    To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
               February 3, 2012

                                            Respectfully submitted,

                                            /S/
                                          Alissa Boshnack, Esq. (AB0977)
                                          FISHER, BYRIALSEN & KREIZER PLLC
                                          *Attorney for Plaintiff*
                                          291 Broadway, Suite 709
                                          New York, New York 10007
                                          (212) 962-0848, ext 113