

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **MATTHEW WEIR**<br>*Assistant Corporation Counsel*<br>(212) 676-1347<br>(212) 788-9776 (fax)<br>mweir@law.nyc.gov |

June 28, 2012

**VIA ECF**
Honorable Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:    <u>Yahabebe Brown v. City of New York, et al.</u>
              11 CV 2117 (SJ) (LB)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter in which plaintiff and defendant previously reached an agreement to settle plaintiff's claims against the City. At present, while the agreement was submitted for the Court's endorsement, it appears that such was never ordered by the Court.[1] Accordingly, and with consent of plaintiff's counsel, defendant City again submits the parties' proposed Stipulation of Settlement and order of Discontinuance for the Court's endorsement.

      I thank the Court for its time and consideration of this request.

                                             Respectfully submitted,

                                             /s/

                                           Matthew Weir
                                           Assistant Corporation Counsel
                                           Special Federal Litigation Division

Encl.

---

[1] Defendant notes that co-defendant County of Nassau moved in opposition to the settlement, but such motion was denied by the Order of Magistrate Judge Bloom dated December 20, 2011.

cc: Hon. Lois Bloom, U.S.M.J. (via ECF)
Alissa Boshnack, Esq., attorney for Plaintiff (via ECF)
Pablo Fernandez, Esq., attorney for defendant County of Nassau (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YAHABEBE BROWN,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, THE COUNTY OF
NASSAU, and CORRECTIONS OFFICER JOHN
DOE, Individually and in the Official Capacities,

                              Defendants..

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 2117 (SJ) (LB)

------------------------------------------------------------------X

      **WHEREAS,** plaintiff commenced this action by filing a complaint on or about April 29, 2011, alleging violations of ~~his~~ her federal civil and state common law rights; and

      **WHEREAS,** defendant The City of New York has denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the plaintiff and defendant The City of New York now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS,** plaintiff has authorized ~~his~~ her counsel to agree to the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendant The City of New York with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Yahabebe Brown the sum of TWENTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($27,500.00) DOLLARS in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees in this action. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against defendant The City of New York, and to release defendant The City of New York and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by defendants The City of New York that it or any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or

subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.


Dated: Brooklyn, New York
          _____, 20 ____

| Alissa Marla Boshnack, Esq. | MICHAEL A. CARDOZO |
| *Attorney for Plaintiff* | Corporation Counsel of the |
| Fisher & Byrialsen PLLC | City of New York |
| 291 Broadway | *Attorney for Defendant The City of New York* |
| Suite 709 | 100 Church Street, Room 3-137 |
| New York, NY 10007 | New York, New York 10007 |
| (347) 289-5101 | (212) 676-1347 |

By: ____Alissa Boshnack____     By: ____/s/ Matthew Weir____
          _____, Esq.                              Matthew Weir
     Alissa Boshnack                          Assistant Corporation Counsel


                          SO ORDERED:

                                                        _____
                                                                    U.S.D.J.

4